HARRY L. GRAY *vs.* HARRY STEELE and ALICE STEELE.

EXECUTION—NOTICE OF SALE—PUBLICATION.

*Rev. Code* 1852, amended to 1893, *p.* 835, *c.* 111, § 23, requiring notice of sheriff's sale to be published for two weeks previous to the sale in two news-papers with not more than three insertions a week in any one newspaper, does not require the first publication to be made on the fourteenth day preceding the sale, and permits it to begin before the two-weeks' period, making the notice legal if it appears at least once in the two newspapers for each of the two weeks.

(*March* 29, 1911.)

PENNEWILL, C. J., and WOOLLEY and RICE, J. J., sitting.

*Robert Adair* for petitioner.

*T. Bayard Heisel* and *Walter H. Hayes* for defendant.

Superior Court, New Castle County, March Term, 1911.

RULE to show cause why Sheriff's Sale should not be set aside.

The facts and questions presented appear in the opinion of the court.

RICE, J., delivering the opinion of the court:

This was a hearing on a rule to show cause why a sheriff's sale should not be set aside.

The facts are that on January 31, 1911, one Harry L. Gray, the plaintiff in a judgment obtained in the Superior Court, caused to be issued out of this court a writ of *venditioni exponas* directing the sheriff of New Castle County to expose for sale certain lands and tenements, described in said writ, and belonging to Harry Steele and Alice Steele, the defendants in the judgment before mentioned, and that he, the sheriff, should have the money before

the judges of the Superior Court on Monday, the sixth day of March, 1911. In compliance with *Section* 23, *Chapter* 111, of the *Revised Code of the Laws of Delaware of* 1852, amended to 1893, the sheriff, among other things provided for in that section, caused notices of the sale to be advertised in the *Morning News* and the *Evening Journal,* two newspapers of the county, wherein the said property was situated, the said newspapers being published daily, (Sundays excepted). The advertisement of the notice being published in the *Morning News* on February third, eighth, eleventh, thirteenth, fifteenth and seventeenth, and in the *Evening Journal* on February third, sixth, ninth, thirteenth, sixteenth and seventeenth, and the property was advertised to be sold on February eighteenth, and on that day the sale was held and the property sold. On March tenth the defendants in the writ came into court with a petition setting forth five reasons why the sheriff's sale should be set aside, and praying that a rule should be issued out of this court, and directed to Harry L. Gray, the plaintiff, Charles H. Lippincott, the purchaser at the sale, and to James Logue, sheriff of New Castle county, for them to appear and show cause, if any they had, why the said sale should not be declared void, vacated and set aside for the reasons in the petition set forth. The rule issued and service upon the same was accepted by the respective attorneys representing the sheriff and the purchaser, and the rule as to Harry L. Gray was returned "*Non est inventus,*" but subsequently he appeared by counsel.

At the hearing counsel for the petitioners abandoned the third, fourth and fifth reasons set forth in the petition, and urged only the reasons stated in paragraphs 1 and 2 of the petition, as grounds for setting the sale aside.

We shall first consider the reasons set forth in paragraph 2 of the petition, this paragraph reading as follows:

"2. That no advertisement of the said sale was delivered, at least, ten (10) days before the day of sale to the petitioners, or either of them, they being the defendants in the said writ, nor was any such advertisement left at the usual place of abode of the said defendants (your petitioners) in the said county, as required by the statutes of the State of Delaware, in such cases made and

provided, although your petitioners have had a known place of abode in the said county throughout the entire period of their residence in the City of Wilmington, as aforesaid, in which period the time during which such advertisement should have been delivered to them personally, or left at their usual place of abode, is included."

The court are of the opinion that the weight of the evidence produced at the hearing, is against this contention and refuse to set the sale aside for the reasons set forth in paragraph 2 of the petition.

We shall next consider paragraph 1 and the reasons there set forth, the paragraph being as follows:

"That public notice of the said sale on the said eighteenth (18th) day of February, was not posted according the the provisions of the laws of Delaware; and that notice of such sale was not advertised in two (2) newspapers in the manner and for the time required by the statutes of Delaware."

As there was no evidence produced to show that the notices of the advertisement were not posted as required by law we shall not consider that portion of the paragraph. As to the second reason stated in paragraph one, this being the main reason urged by the counsel for the petitioners, he contends that the meaning of *section* 23 is that notices of the sale must be advertised, for three times a week for two weeks immediately preceding the day set for the sale, in two newspapers of the county wherein the property is situated, and that the notice should be first published in both newspapers on the fourteenth day immediately preceding the day of the sale. We believe that the Legislature did not intend such a restricted meaning to be given to *section* 23, and that the intention of the Legislature was to provide that the public should have at least a two weeks' notice previous to the day of the sale, and that the advertisement in the newspapers, required to be inserted "for two weeks previous" thereto, may be begun prior to the said period of two weeks, and would be legal if the sheriff thereafter complied with the other provision of the statute in having at least one insertion in the two newspapers for each of the said two weeks.

The court, therefore, are of the opinion that the sheriff complied with the provisions of *section* 23, *chapter* 111, of the *Revised Code*, when he caused the notice of the sale to be advertised in two newspapers for at least once a week for the two weeks previous to the time of said sale, and first inserted the advertisement of the notice on the third day of February which was at least two weeks previous to the time of the sale.

It is ordered by the court that the rule be discharged.